Pettibone, J.,
delivered the opinion of the Court.
This was an action of debt, on a sealed note, for §3,040, and was commenced by attachment. The attachment was founded on an affidavit of the plaintiff, as follows: Willis Fellows is indebted to me in the sum of three thousand and forty dollars, claimed in the above declaration; and that he is not a resident of this State, so that the process of this Court cannot he served upon him. Signed Wm. Carr Lane — . sworn to in due form. The attachment was levied on land, and at the return term, there being no appearance of defendant, an order of publication was awarded. At the second term, August, 1821, the Court dissolved the attachment, on motion of defendant, and accepted his appearance, without special bail. The plaintiff then took judgment by deiault, for want of a plea.
The plaintiff brings error to reverse that judgment, and to force a decree for the sale of the property attached; and contends, that the Court below could not dissolve the attachment, except for some defect in the affidavit, or upon the appearance of the defendant, and his putting in special hail — that in this cáse, the affidavit is sufficient, and special hail has not been put in — that the Court, therefore, erred.
On the other side, the defendant contends: First, that the affidavit is insufficient. Second, that a writ of error does not lie to the decision of the Circuit Court, on a motion to dissolve an attachment. Third, it does not appear by the record, for what *252 cause the attachment was dissolved; and there are many causes for which the Court may dissolve an attachment, beside those mentioned by plaintiff. Fourth, that the act of June sessions, 1821, abolishing imprisonment for debt, authorized the Court to dissolve the attachment without special bail.
First. As to the sufficiency of the affidavit. The affidrvit is pot conformable to the statute. The words of the act are : “ affiant verily believes such defendant is not a resident of, or residing within, this Territory, (State,) or that he he has so absented himself, or absconded from his usual place of abode, or concealed, or confined himself, that the ordinary process of law cannot be served upon him; or that he is about to remove his effects out of this Territory.”
Here are three classes of cases enumerated, in which an attachment may issue. The first is, where the defendant is not a resident of, or residing within the State j the second is, when he may be a resident of, or residing in, tire State, but conceals himself, so that process cannot be served upon him; the third is, where he is about to remove his effects, &c. This affidavit does not bring the defendant within either of these classes. The defendant may not be a resident in such a manner that process can be served upon him, but still may be a resident, so that an attachment ought not to issue; for instance, he may be absent, on a temporary visit to another State, so that process cannot be served upon him; but still, he is a resident, and not liable to be proceeded against by attachment.
If we are to understand the affidavit as asserting the fact, that the defendant is not a resident of the State, and that the other part of the affidavit is a conclusion drawn from that fact, still it does not follow, that the party may not he residing within this State, so that process can he served upon him. The latter part of the affidavit is nonsensical, or, at least ambiguous. The words are, “ that he is not a resident of this State, so that the process of this Court cannot he served upon him.”
The process of the Circuit Court of St. Louis county might not be served upon him in St. Charles, hut still in the language of the act, “ the ordinary process of law,” might be serycd upon him. The affidavit, in my opinion, is not sufficient. I am also of opinion, that a writ of error does not lie to reverse an order of the Circuit Court, dissolving attachment. Thispointbasbeenso decided in Pennsylvania: vide Shortz v. Quigley, 1 Binn. 226.
But granting that a writ of error will lie, and that the affidavit is sufficient, still it does not appear from this record for what cause the attachment Was dissolved. And I am of opinion, that the Court from which the attachment issues, may dissolve it, for many other causes than an insufficient affidavit, or the defendant’s putting in. special bail. Sergeant, in his law of attachment, says it may he done on various grounds. First. The Court will inquire into the cause of action, on a foreign attachment, in the same manner as on a capias, where the defendant’s person is taken, into custody. The rule being that wherever, on a capias, they would order common hail, they will dissolve an attachment. Second. A foreign attachment may he dissolved, because it issued irregularly. Vide Sergeant’s Law of Attachment, chap. 12, p. 130 to 144, and cases there cited.
In this case, as the cause for dissolving the attachment does not appear up on the record, we are hound to presume the Court dissolved it for good cause.
The judgment in the Court below must he affirmed, with costs on this writ of error.